UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0052-JMS-DML-1 |
| | ) | |
| SEAN F. PIATT, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on August 14, 2017, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 18, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 18, 2017, defendant Sean F. Piatt appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Piatt of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Piatt questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Piatt and his counsel, who informed the court they had reviewed the Petition and that Mr. Piatt understood the violations alleged. Mr. Piatt waived further reading of the Petition.

3. The court advised Mr. Piatt of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Piatt was advised of the rights he would have at a preliminary hearing. Mr. Piatt stated that he wished to waive his right to a preliminary hearing.

4. Mr. Piatt stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Piatt orally waived the preliminary hearing in open court.

5. The court advised Mr. Piatt of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Piatt, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside at a Residential Reentry Center (RRC) for a period of up to 180 days, as directed by the probation officer. You shall follow all rules of the facility."** |

The offender is currently considered an absconder from his placement at the Residential Reentry Center, and from his term of supervised release. The offender incurred several violations of facility rules while a resident of the Volunteers of America (VOA) over the past 2 weeks.

Most recently, the offender walked out of the VOA on August 12, 2017, at 2:35 p.m. He had no pass to leave and was actually placed on "lock-down," which meant he was not to leave facility without the prior permission of his probation officer. The offender has been in telephone communication with this officer since he left the facility, but he refuses to provide his actual location. He expressed suicidal thoughts, stating "I would rather be dead." He is now in violation of the Marion County Sex Offender Registry, as he was required to report weekly, and he was due to report today, August 14, 2017, and provide his residence information.

On July 30, 2017, the offender was allowed to leave the VOA for his scheduled work shift; however, he never reported to work. This officer contacted him by cell phone at approximately 4:00 p.m., and he reported he was wandering around Indianapolis and had been drinking alcohol. He stated he wanted to "blow off steam" and went to a bar and drank 6-7 beers. He was directed to return to the VOA immediately, yet he failed to return to the facility until 6:05 p.m. He appeared intoxicated to the VOA staff, and he refused a breathalyzer test. He walked out of the facility without permission again at 6:30 p.m. He then returned to the VOA at 6:50 p.m., and demanded to be arrested. He was yelling and cursing at the VOA staff and residents, accusing them of racism. At 7:15 p.m., he submitted to a breathalyzer test and tested at .09% BAC.

On August 8, 2017, the offender left the VOA at 1:45 a.m., without permission. This officer met him in the community at approximately 11:00 a.m., that same day, and he admitted he had made a mistake by leaving the facility. He stated he was depressed. He admitted having some suicidal thoughts, but stated he had no immediate plan to harm himself. He admitted he had been drinking alcohol in the hours since he left the VOA. He admitted he had mental health issues which would benefit from treatment. He agreed to return to the VOA and sign a waiver to add mental health treatment to his conditions of supervision. At 2:10 p.m., the offender returned to the VOA, but he refused a urine screen, a breathalyzer, and to be searched by the VOA staff. He became irate and

yelled profanities at staff and at an elderly homeless veteran who happened to be in the lobby, calling him a "snitch." This officer met with the offender for a second time at 8:00 p.m. He was advised that he was on zero tolerance at the VOA, and the director of the facility advised they would not take him back if he absconded again.

7. The court placed Mr. Piatt under oath and directly inquired of Mr. Piatt whether he admitted violation 1 of his supervised release set forth above. Mr. Piatt admitted the violation as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Piatt's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of Mr. Starling's supervised release, therefore, is 5 - 11 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence of five (5) months with seven (7) years of supervised release to follow. Conditions to be modified to include residing at a Residential Reentry Center and mental health treatment. Defendant argued for a sentence of less than five (5) months.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, SEAN F. PIATT, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of five (5) months with seven (7) years of supervised release to follow. The defendant is to be taken into immediate custody while the district court's action on this Report and Recommendation is pending.

In addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (supervised release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

15. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.

16. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

17. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

18. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

19. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

20. You shall not use or possess alcohol.

21. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer

and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

22. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

23. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

24. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

25. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

26. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment. (substance abuse treatment; substance abuse testing; mental health treatment; sex offense-assessment, treatment, and physiological testing; computer monitoring systems.)

27. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.) You shall take all mental health medications that are prescribed by your treating physicians. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

Defendant reviewed the foregoing conditions and they were reviewed by Mr. Piatt with his attorney. The parties waived reading of the conditions.

Counsel for the parties and Mr. Piatt waived the following in open court:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Piatt entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Piatt's supervised release, imposing a sentence of imprisonment of five (5) months with seven (7) years of supervised release to follow. The defendant is to be taken into immediate custody while the district court's action on this Report and Recommendation is pending.

IT IS SO RECOMMENDED.


Date: 8/22/2017

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal