UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:16-cr-0052-JMS-DML |
| | ) | |
| SEAN F. PIATT, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 28, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on February 27, 2018.  [Dkt. 49.]  Defendant Piatt appeared in person with his appointed counsel Michael Donahoe.  The government appeared by Cynthia Ridgeway, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Piatt of his rights and ensured he had a copy of the Petition.  Defendant Piatt orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Piatt admitted violation nos. 1, 2, and 3 as set forth in the Petition.  [Dkt. 49.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"You shall not commit another federal, state or local crime."** |

On February 25, 2018, Sean Piatt was arrested by an officer of the Indianapolis Metropolitan Police Department. Police were called to . . . the Greyhound bus station on a report of an assault. The 19 year old victim reported she was in the women's restroom when a male entered the restroom and tried to push open the stall door. She stated the stall was occupied, but the male forced open the door, and as she stood up, he pushed her to the wall and told her he was a police officer and told her to take off all her clothes. The victim began screaming for help and the suspect fled from the bus terminal. Greyhound security staff chased the suspect into the parking lot and ordered him to return to the station while police were called. When an IMPD officer arrived on the scene, the victim identified the suspect by his clothing and physical appearance. The offender had in his possession a bus ticket, purchased under a false name.

This case is pending in Marion County Superior Court under case number 49G151802F6006557. The offender was charged with Count 1, Criminal Confinement, Level 6 Felony; Count 2, Impersonation of a Public Servant, Level 6 Felony; and Count 3, Battery, Class B misdemeanor. He has an Initial Hearing Scheduled for February 27, 2018, and a $500 cash bond was ordered.

| 2 | **"You shall reside at a Residential Reentry Center (RRC) for a period of up to 180 days, as directed by the probation officer. You shall abide by the rules and regulations of the facility."** |

The offender is currently considered an absconder from his placement at the Residential Reentry Center, and from his term of supervised release. The offender incurred several violations of facility rules while a resident of the Volunteers of America (VOA) over the past 30 days.

On February 20, 2018, at approximately 9:40 p.m., the offender refused to allow the staff to search his locker per facility rules. At approximately 9:55 p.m., he packed up his possessions and walked to the lobby of the building where he encountered staff members and stated, "I'm leaving," and exited the building. On February 22, 2018, the probation officer was contacted by staff from Indiana University Methodist Hospital to advise the offender was in the psychiatric unit. An Indianapolis Metropolitan Police report indicates that on February 20, 2018, at approximately 11:22 p.m., the offender was found on the grass across from the Indianapolis Public Library with a cut to his head. The officer observed Sean Piatt to

[be] very intoxicated and combative to the EMS personnel who were trying to treat him. A witness reported that Mr. Piatt was arguing with a male and female, and the male subject struck Mr. Piatt in the head with a beer bottle. The offender was detained at the hospital due to his suicidal statements and evaluated for three days, and was released on February 23, 2018, when staff determined he was no longer a threat to himself. The offender returned to Volunteers of America on February 23, 2018. On February 25, at 6:40 a.m., the offender packed a bag, told VOA staff he was leaving to see his mother, and walked out of the facility. He was arrested three hours later.

On February 1, 2018, and on February 9, 2018, VOA staff directed the offender to submit a urine screen, and on both dates he refused to provide a urine screen.

On February 7, 2018, the offender refused to complete assigned duty at Volunteers of America.

On January 26, 2018, the offender was directed to report to the office of his VOA case manager, but refused to meet with her on that date.

3. **"You shall participate in a program for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."**

The offender failed to report for a scheduled sex offender treatment session at Indianapolis Counseling Center (ICC) on February 21, 2018. A report from the offender's treatment counselor at ICC indicates he displays complete noncompliance with treatment as he denies his underlying offense of Child Molest, refuses to complete class assignments, and made "defiant and sarcastic comments to undermine the therapist" during group.

4. The Court finds that:

   (a) The highest grade of violation is a Grade A violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The government argued for a sentence of eighteen (18) months with six (6) years of supervised release to follow. The defendant argued for a sentence of twelve (12) months and one (1) day with three (3) years of supervised release to follow. Defendant requested placement at either FCC Butner, North Carolina, FMC Lexington, Kentucky, or FCI Elkton, Ohio.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition. The Magistrate Judge further finds that Defendant has thus far been unwilling to comply with the requirements of his release. Furthermore, as set forth in more detail in the Petition, Defendant appears to remain a dangerous predator who is unwilling to accept responsibility for his prior conduct. Accordingly, the Magistrate Judge recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with six (6) years of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (supervised release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

16. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

17. You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet- enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may

assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

19. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

20. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

21. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

22. You shall not use or possess alcohol.

23. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

24. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

25. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

26. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

27. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to

    monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

28. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment. (substance abuse treatment; substance abuse testing; mental health treatment; sex offense-assessment, treatment, and physiological testing; computer monitoring systems.)

29. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.).  You shall take all mental health medications that are prescribed by your treating physician.  The court authorized the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

Defendant reviewed the conditions 1 through 28 and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the conditions 1 through 28 of supervised release.  Condition 29 was an addition to the Revocation Parameter Worksheet [Dkt. 53] and was read into the record.

    Defendant is to be taken into immediate custody pending approval of the Report and Recommendation.  Due to Defendant's medical conditions, the Magistrate Judge further recommends Defendant's placement at either FCC Butner, North Carolina, or FMC Lexington, Kentucky, or if neither of the first two options are available, placement at FCI Elkton, Ohio.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

Dated:  4 MAR 2019

Mark J. Dinsmore  
United States Magistrate Judge  
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal