UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:16-cr-0052-JMS-DML |
| | ) | |
| SEAN PIATT, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 1, 2020, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on June 12, and 25, 2020.  Defendant Piatt appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Cindy Cho, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Ryan Sharp.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Piatt of his rights and provided him with a copy of the petition.  Defendant Piatt orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Piatt admitted violations 1, 2, 3, and 4. [Docket Nos. 83 and 86.]

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**

**"You shall participate in a program for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations.  The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer."**

On June 5, 2020, Mr. Piatt began his third attempt of supervised release. On June 8, 2020, this officer met with him to review his conditions of supervision and attempted to refer him to sex offender treatment. He refused to attend sex offender treatment. He was given a few days to think it over, and this officer recommended he consult with the federal defender's office. On June 12, 2020, this officer gave him another opportunity to agree to sex offender treatment. He again refused. He refuses to speak with the federal defender's office about this matter and advised he wants a violation hearing to explain his reasoning.

**2**

**"You shall reside in a residential reentry center for a term of 180 days. You shall abide by the rules and regulations of the facility."**

On June 5, 2020, Mr. Piatt was released from BOP custody in Marion, Illinois, and provided instructions to report to the Volunteers of America (VOA) in Indianapolis the same day. He did not arrive until 12:20 p.m. on June 6, 2020.

On June 17, 2020, Mr. Piatt received an incident report for refusing orders as he would not wear a face mask. This is a facility rule that is required for everyone, residents and staff.

**3**

**"You shall refrain from any unlawful use of a controlled substance."**

On June 6, 2020, when Mr. Piatt first arrived at the VOA, a baseline drug screen was collected. The results were positive for marijuana and cocaine. He denies using either drug.

**4**

**"You shall not use or possess alcohol."**

On June 6, 2020, when Mr. Piatt first arrived at the VOA, a baseline drug screen collected.  The results were positive for alcohol. He denies drinking alcohol.

4.      The parties stipulated that:

(a)      The highest grade of violation is a Grade B violation.

(b)      Defendant's criminal history category is III.

(c)      The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5.      The government argued for a sentence of twenty-four (24) months with no supervised release or a sentencing of fourteen (14) months with six (6) years of supervised release to follow.  Defendant argued for a sentence less than government's recommendations with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eight months with no supervised release to follow.   The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Magistrate Judge will make a recommendation of placement at a medical facility with mental health treatment.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  7/1/2020                        _____

                                                   Tim A. Baker
                                                   United States Magistrate Judge
                                                   Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system