UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-00052-JMS-DML-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| SEAN F. PIATT, | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-cr-00052-JMS-DML |
| SEAN F. PIATT, | ) ) | -01 |
| Defendant. | ) ) | |

**Order Denying Second and Third Motions for Compassionate Release**

On November 16, 2020, Defendant Sean F. Piatt ("Piatt") filed his first Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Dkt. 106. In denying this motion, the Court explained that Piatt's motion did not show that he is entitled to compassionate release under § 3582(c)(1)(A). The Court provided Piatt with a form Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), and explained that if Piatt renewed his motion, he must explain what facts, if any, had changed since he was sentenced in July 2020. Dkt. 107.

Less than a month has passed, and Piatt is now before the Court with his second and third motions for compassionate release. Dkts. 108 and 109.[1] Piatt's second motion asserts that he has been diagnosed with a terminal illness, specifically untreated HIV. Dkt. 108. His third motion states that he needs to be released to care for his minor daughter who allegedly has been removed from her mother's custody. Dkt. 109. Piatt seeks immediate release from incarceration. Piatt was

---

[1] The Court concludes that it does not require a response from the United States to resolve the issues set forth by Piatt's motions.

sentenced to an 8-month term of incarceration on July 17, 2020. The Bureau of Prisons' website reflects that Piatt's anticipated release date is February 27, 2021. *See* https://www.bop.gov/inmateloc/ (last visited Jan. 11, 2021).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Court ultimately possesses broad discretion to determine what constitutes an "extraordinary and compelling reason" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). That said, in keeping with the Seventh Circuit's direction in *Gunn*, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in U.S.S.G. § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. *Id.* at 1180.

Nothing in Piatt's pending motions for compassionate release warrant relief. First, the Court was aware of COVID-19, and Piatt's reported HIV diagnosis at the time his term of supervised release was revoked. *See* Dkt. 24, Presentence Investigation Report, ¶ 61. In addition, Piatt denied having any children and there is no basis to conclude that he has any relationship with a minor daughter. *Id.* ¶ 59. Under these circumstances, Piatt will not be released to care for a dependent. Accordingly, Piatt has not set forth any extraordinary and compelling reasons for his immediate release.

Given the Court's determination that Piatt has not shown extraordinary and compelling reasons to justify his release, whether Piatt is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors also weigh against his release and that he is a danger to the community. The undersigned revoked Piatt's term of supervised release only 6 months ago and is fully aware of the facts of his case. Piatt has had his term of supervised release revoked three times. *See* dkts. 42, 63, and 96. Most recently, his supervised release was revoked because between June 5-17, 2020, he refused to participate in sex offender treatment; he refused to comply with the rules of a residential reentry facility (late report, and refusing to wear a face mask); used marijuana and cocaine; and used alcohol. These violations occurred recently and reflect a disregard for the safety of the community. On these facts, the Court cannot conclude that the § 3553(a) factors warrant release at this time or that Piatt would not be a danger to the community if released.

The second and third motions for compassionate release, dkts [108] and [109], are **denied.**

**IT IS SO ORDERED.**

Date: 1/12/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Sean F. Piatt
Reg. No. 15155-028
FCI Pekin
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL  61555